In re Will and Estate of CURTIS B. JOHNSON, Deceased.

(Filed 9 May, 1951.)

**Appeal and Error § 31e—**

 Where the questions sought to be presented become moot as of the time for decision, the appeal will be dismissed.

Appeal by the Union National Bank, respondent, and Ida J. Lee, George L. Lee, Harry J. Lee and S. M. Lee, Jr., interveners, from judgment of *Sink, J.,* at March Term, 1951, Regular Civil Term of Mecklenburg.

Petition in the cause to determine collectorship of estate pending appeal *in re* letters to personal representative.

Following the judgment of Phillips, J., entered in this matter on 11 December, 1950, suggesting that in the event of an appeal from his judgment, the Clerk appoint "some other discreet person" as collector to preserve the estate pending the appeal, the Clerk did, on 22 January, 1951, enter an order appointing the Union National Bank of Charlotte as such collector, to which order the American Trust Company objected and appealed to the judge of the Superior Court who reversed the Clerk's order and directed that he appoint "some discreet person other than Union National Bank of Charlotte or American Trust Company, pending final determination" of the appeal from the judgment of Phillips, J., as aforesaid, and from this judgment the Union National Bank, the sister and nephews of the deceased, objected and appealed, assigning errors.

*Tillett, Campbell, Craighill & Rendleman for respondent, Union National Bank, appellant.*

*Covington & Lobdell for interveners, Ida J. Lee, et al., appellants.*

*Helms & Mulliss and John W. Johnston for American Trust Co., appellee.*

Stacy, C. J. This is the second appeal from orders entered in the same matter. As the order here appealed from affects only the collectorship of the estate pending the original appeal, decided this day, it is apparent that the questions presently sought to be presented are now moot or academic as the pendency of the appeal comes to an end simultaneously herewith. Hence this second appeal will be dismissed and the appellants taxed with the costs.

Appeal dismissed.